UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Yasmin Mack | : |
| | : |
| v. | : |
| | : |
| Bear Stearns Residential Mortgage | :   CIVIL ACTION NO.: 09-cv-05370 |

**PLAINTIFF'S RESPONSE TO**
**EMC DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUR-REPLY**
**AND**
**PLAINTIFF'S CROSS-MOTION *NUNC PRO TUNC* FOR**
**LEAVE TO FILE SUR-REPLY TO EMC DEFENDANTS' MOTION TO DISMISS**

Plaintiff, by and through her counsel, Robert P. Cocco and Matthew Weisberg, hereby moves this Honorable Court for leave to file *Nunc Pro Tunc* Plaintiff's Sur-Reply and responds to EMC defendant's Motion to Strike as follows:

1. Plaintiff admits inadvertently filing her Sur-Reply without leave of court in violation of F.R.C.P. 7.1(c).

2. It is within the discretion of this court under F.R.C.P. 56(c)(1)(C) for this Court to grant plaintiff leave to file her Sur-Reply *nunc pro tunc*:

 "Time for a Motion, Response, and Reply; Proceedings…

 (1) These times apply *unless* a different time is set by local rule *or the court orders otherwise…*"

3. Additionally, the language of Local F.R.C.P. 7.1(c), last sentence thereof, supports the court's discretion int his regard, "The Court may … permit further brief".

4. Indeed, it is not unheard of for there to be a sur-reply brief filed, e.g. SmithKline Beecham v. Apotex, 383 F. Supp. 2d 686, 688 (E.D.Pa. 2004) (Surrick) (granting leave for sur-reply due to "the complexity of the issues presented in the Motions"); Kot v. Hackett, 1993 U.S. Dist. LEXIS 10429 (E.D.Pa. July 29, 1993) (J.M. Kelly) (sur-reply filed in civil rights case); Tarkett, Inc. v. Congoleum Corp., 144 F.R.D. 282 (E.D.Pa. 1992) (Robreno); and even a

response to a sur-reply brief, e.g. <u>Edelen & Boyer Co. v. Kawasaki Loaders, Inc</u>., 1992 U.S. Dist. LEXIS 14186 (ED.Pa. Sept. 14, 1992) (J.M. Kelly); <u>Transamerica Ins. Co. v. Durkin & Sons</u>, 1991 U.S. Dist. LEXIS 14318 (E.D.Pa. Oct. 1, 1991) (Hutton). However, using a reply brief to make arguments only after an adversary has revealed its position on the issues in its brief was condemned in <u>Elf Atochem N. Am., Inc. v. United States</u>, 161 F.R.D. 300, 301 n.1 (E.D.Pa. 1995) (Joyner).

5.  Accordingly, plaintiff moves the court by cross-motion *nunc pro tunc* for leave to file her Sur-Reply.

WHEREFORE, Plaintiff requests the court grant her motion for leave to file sur-reply.

Dated: October 2, 2010                    /s/ RC935
                                          ROBERT P. COCCO, P.C.

Certificate of Service

I, Robert P. Cocco, co-counsel for Plaintiff, hereby certify that I filed the foregoing Motion for Leave to file Sur-reply electronically and that all parties have been served via ECF email.


Dated: October 2, 2010                                                     /s/ Robert P. Cocco