**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| YASMIN MACK, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | NO: 09-5370 |
| | ) | |
| vs. | ) | |
| | ) | |
| BEAR STEARNS RESIDENTIAL | ) | |
| MORTGAGE CORPORATION, and | ) | |
| FORECLOSURE SOLUTION | ) | |
| SPECIALISTS, INC., and LCMACK, LLC, | ) | |
| and LISA WRIGHT, and REBECCA | ) | |
| GREEN, and SAMUEL PRICE, and DAVID | ) | |
| MARKS, and 1st CONTINTENTAL | ) | |
| MORTGAGE, and U.S. BANK N.A. and | ) | |
| EMC MORTGAGE CORP., and REGINA J. | ) | |
| BROWN, and NETCO INC.and JOHN | ) | |
| DOES 1-10 | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER PRESENTING DEFENSES UNDER FEDERAL RULE OF CIVIL**
**PROCEDURE 12(b) TO SECOND AMENDED COMPLAINT; AND CROSS-CLAIM**
**AGAINST ALL CO-DEFENDANTS**

AND NOW, come Defendants, Bear Stearns Residential Mortgage Corporation, U.S.

Bank N.A., as Trustee (improperly sued herein as U.S. Bank, N.A.) and EMC Mortgage

Corporation (hereinafter collectively referred to as "EMC Defendants" unless separately

denoted) through their counsel, Grenen & Birsic, P.C., and files the following Answer Presenting

Defenses Under Federal Rule of Civil Procedure 12(b) to the Second Amended Complaint

("Second Amended Complaint") and Cross-Claim against all Co-Defendants, as follows:

**ANSWER**

**I.      Preliminary Statement**

1.      The allegations set forth in Paragraph 1 of Plaintiff's Second Amended Complaint

set forth conclusions of law to which no response is required.  To the extent a response is

necessary, it is specifically denied that Plaintiff has set forth a valid claim against the EMC Defendants for a "Foreclosure Rescue Scam" or any unfair or deceptive acts and practices whatsoever.

2.      The allegations set forth in Paragraph 2 of Plaintiff's Second Amended Complaint set forth conclusions of law to which no response is required.  To the extent a response is necessary, it is specifically denied that the EMC Defendants are liable to the Plaintiff for any reason.

3.      The allegations set forth in Paragraph 3 of Plaintiff's Second Amended Complaint set forth conclusions of law to which no response is required.  To the extent a response is necessary, same is specifically denied and strict proof thereof demanded.

## II.      Jurisdiction and Venue

4.      The allegations set forth in Paragraph 4 of Plaintiff's Second Amended Complaint set forth conclusions of law to which no response is required. To the extent a response is necessary, same is specifically denied and strict proof thereof demanded.

5.      The allegations set forth in Paragraph 5 of Plaintiff's Second Amended Complaint conclusions of law to which no response is required.  To the extent a response is necessary, same is specifically denied and strict proof thereof demanded.

## III.     Parties

6.      The allegations set forth in Paragraph 6 of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or knowledge to form a belief as to same.

7.      The allegations set forth in Paragraph 7 of Plaintiff's Second Amended Complaint are admitted as it is admitted the Bear Stearns Residential Mortgage Corporation is incorporated

in the state of Delaware.  It is denied that Bear Stearns Residential Mortgage Corporation acted as "originating lender" to Plaintiff at any time.

       8.     The allegations set forth in Paragraph 8 of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or knowledge to form a belief as to same.

       9.     The allegations set forth in Paragraph 9 of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or knowledge to form a belief as to same.

      10.     The allegations set forth in Paragraph 10 of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or knowledge to form a belief as to same.

      11.     The allegations set forth in Paragraph 11 of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or knowledge to form a belief as to same.

      12.     The allegations set forth in Paragraph 12 of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or knowledge to form a belief as to same.

      13.     The allegations set forth in Paragraph 13 of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or knowledge to form a belief as to same.

      14.     The allegations set forth in Paragraph 14 of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or knowledge to form a belief as to same.

15.     The allegations set forth in Paragraph 15 of Plaintiff's Second Amended Complaint are admitted as it is admitted that EMC Mortgage Corporation is a Delaware corporation with a principal place of business at 800 State Highway 121 Bypass, Lewisville, TX 75067.

16.     The allegations set forth in Paragraph 16 of Plaintiff's Second Amended Complaint are denied as U.S. Bank N.A. is not a corporation.  It is admitted that U.S. Bank N.A. has a principal place of business in Minneapolis, Minnesota.

17.     The allegations set forth in Paragraph 17 of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or knowledge to form a belief as to same.

18.     The allegations set forth in Paragraph 18 of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or knowledge to form a belief as to same.

19.     The allegations set forth in Paragraph 19 of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or knowledge to form a belief as to same.

**IV.   Operative Facts**

20. – 44.   The allegations set forth in Paragraph 20 through Paragraph 44 of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or knowledge to form a belief as to same.

45.     The allegations set forth in Paragraph 45 (a) – (e) of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or knowledge to form a belief as to same.  However Paragraph 45(f) is specifically denied.  It is denied that Bear

Stearns Residential Mortgage Corporation had any contractual relationship with the Plaintiff whatsoever or acted as the lender for the Plaintiff.[1]

42.[*sic*] The allegations set forth in Paragraph 42 [*sic*] of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or knowledge to form a belief as to same.

43. - 68. The allegations set forth in Paragraph 43 through Paragraph 68 of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or knowledge to form a belief as to same.

69.    Admitted.

70. – 71.  The allegations set forth in Paragraph 70 through Paragraph 71 of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or knowledge to form a belief as to same.

72.    Admitted only in so far as the Warranty Deed executed August 23, 2007 between Plaintiff, (as described on the face of the Warranty Deed as seller) and David Marks, (as described on the face of the Warranty Deed as buyer) for real property located at 1306 Cambridge Street, Philadelphia, Pennsylvania 19123 is a legal document that "speaks for itself" beyond the summary provided by Plaintiff.  By way of further response, the second page of the Warranty Deed sets forth the purchase price of $125,000.00.

73.    Admitted only in so far as the Warranty Deed executed August 23, 2007 between Plaintiff, (as described on the face of the Warranty Deed as seller) and David Marks, (as described on the face of the Warranty Deed as buyer) for real property located at 1306 Cambridge Street, Philadelphia, Pennsylvania 19123 is a legal document that "speaks for itself"

---

[1] Bear Stearns Residential Mortgage Corporation did originate a loan with David Marks secured by a mortgage on the subject property which is the subject of this litigation.

beyond the summary provided by Plaintiff.  By way of further response, the second page of the Warranty Deed sets forth the purchase price of $125,000.00.

74.     Admitted only in so far as the Warranty Deed executed August 23, 2007 between Plaintiff, (as described on the face of the Warranty Deed as seller) and David Marks, (as described on the face of the Warranty Deed as buyer) for real property located at 1306 Cambridge Street, Philadelphia, Pennsylvania 19123 is a legal document that "speaks for itself" beyond the summary provided by Plaintiff.  By way of further response, the second page of the Warranty Deed sets forth the purchase price of $125,000.00.

75. – 77.  The allegations set forth in Paragraph 75 through Paragraph 77 of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or knowledge to form a belief as to same.  By way of further response, the allegations set forth conclusions of law to which no response is necessary, and therefore the same denied.

78.     The allegation pertaining to a "Quality Control Department" is unclear and vague and the EMC Defendants are unable to articulate a response to such allegation.  The Plaintiff fails to specify the term "Quality Control Department," and therefore the same is hereby denied.

79.     The allegations set forth in Paragraph 79 of Plaintiff's Second Amended Complaint set forth conclusions of law to which no response is required.  To the extent a response is necessary, it is specifically denied that Bear Stearns Residential Mortgage Corporation knew, or should have known, of any allegedly illegal activities by 1st Continental, or given greater scrutiny to the events alleged in the Plaintiff's Second Amended Complaint, and strict proof thereof demanded at trial.

80.    The allegations set forth in Paragraph 80 of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or knowledge to form a belief as to same.

81.    The allegations set forth in Paragraph 81 of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or knowledge to form a belief as to same.  It is specifically denied that if the Plaintiff suffered any injuries or damages, that the EMC Defendants are liable for same for any reason whatsoever.

**V.    Causes of Action**

82.    The above responses are incorporated herein by reference as though fully set forth at length.

83.    The allegations set forth in Paragraph 83 of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or knowledge to form a belief as to same.  By way of further response, the allegations set forth conclusions of law to which no response is necessary, and therefore the same denied.

84.    The allegations set forth in Paragraph 84 of Plaintiff's Second Amended Complaint are conclusions of law to which no response is required.  To the extent a response is necessary, same is specifically denied and strict proof thereof demanded.

85.    The allegations set forth in Paragraph 85 of Plaintiff's Second Amended Complaint are denied as they set forth conclusions of law to which no response is required.  To the extent a response is necessary, it is specifically denied that Bear Stearns Residential Mortgage Corporation, EMC Mortgage Corporation and/or U.S. Bank N.A. as Trustee identified by the Plaintiff as "Originating Lender, Foreclosing Entity, and Assignee" extended any consumer credit whatsoever to the Plaintiff, Yasmin Mack, at anytime whatsoever, with strict proof to the contrary demanded.

86.     The allegations set forth in Paragraph 86 of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or knowledge to form a belief as to same. To the extent a response is necessary, the allegations set forth conclusions of law to which no response is necessary, and furthermore, it is specifically denied that Bear Stearns Residential Mortgage Corporation, EMC Mortgage Corporation and/or U.S. Bank N.A., as Trustee identified by the Plaintiff as "Originating Lender, Foreclosing Entity, and Assignee" extended any consumer credit whatsoever to the Plaintiff, Yasmin Mack, at anytime whatsoever, with strict proof to the contrary demanded.

87.     The allegations set forth in Paragraph 87(a) – (e) of Plaintiff's Second Amended Complaint are specifically denied.   The allegations are denied as they pertain to the EMC Defendants.   It is specifically denied that the EMC Defendants made any representations whatsoever to the Plaintiff.   It is specifically denied to the extent it is inferred that the EMC Defendants entered into any type of contractual relationship or extended any consumer credit to the Plaintiff whatsoever.   It is specifically denied to the extent it is inferred that the EMC Defendants loaned any funds or entered into a mortgage contract with the Plaintiff at any time whatsoever and strict proof to the contrary is demanded.

## COUNT I – EQUITABLE RELIEF/UNJUST ENRICHMENT

88.     The above responses are incorporated herein by reference as though fully set forth at length.

89.     The allegations set forth in Paragraph 89 of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or knowledge to form a belief as to same. To the extent a response is necessary, it is specifically denied that the

EMC Defendants extended any consumer credit whatsoever to the Plaintiff, Yasmin Mack, at anytime whatsoever, with strict proof to the contrary demanded.

90.     The allegations set forth in Paragraph 90 of Plaintiff's Second Amended Complaint set forth conclusions of law to which no response is required.  By way of further response, it is specifically denied that the EMC Defendants had any intent to create an equitable mortgage in a "foreclosure rescue transaction."

91.     The allegations set forth in Paragraph 91 of Plaintiff's Second Amended Complaint are conclusions of law to which no response is required.  To the extent a response is necessary, same is specifically denied and strict proof thereof demanded.

92.     a)     The allegations set forth in Paragraph 92(a) of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or knowledge to form a belief as to same. To the extent a response is necessary, it is specifically denied;

        b)     The allegations set forth in Paragraph 92(b) of Plaintiff's Second Amended Complaint are conclusions of law to which no response is required.  To the extent a response is necessary, same is specifically denied and strict proof thereof demanded;

        c)     The allegations set forth in Paragraph 92(c) of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or knowledge to form a belief as to same. To the extent a response is necessary, it is specifically denied;

        d)     The allegations set forth in Paragraph 92(d) of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or

knowledge to form a belief as to same. To the extent a response is necessary, it is specifically denied.

93.     The allegations set forth in Paragraph 93 of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or knowledge to form a belief as to same. To the extent a response is necessary, it is specifically denied that the EMC Defendants extended any consumer credit whatsoever to the Plaintiff, Yasmin Mack, at anytime whatsoever, with strict proof to the contrary demanded.

94.     The allegations set forth in Paragraph 94 of Plaintiff's Second Amended Complaint are denied as they set forth conclusions of law to which no response is required.  To the extent a response is necessary, it is specifically denied that the EMC Defendants were on constructive notice that a "foreclosure rescue" and an allegedly illegal sales transaction was the subject matter of the transaction.  The EMC Defendants was not involved in the events surrounding the alleged fraud.  Price, Marks, Wright, Brown, FSS, LCMack and/or Green were not employees or agents of the EMC Defendants, nor was the mortgage broker.

95.     The allegations set forth in Paragraph 95 of Plaintiff's Second Amended Complaint are denied as the EMC Defendants are without sufficient information or knowledge to form a belief as to same. To the extent a response is necessary, it is specifically denied that the EMC Defendants extended any consumer credit whatsoever to the Plaintiff, Yasmin Mack, at anytime whatsoever, with strict proof to the contrary demanded.

96.     Denied.  The EMC Defendants have not received monetary gain from the subject matter events, and to the contrary, have suffered financial damages of their own.  To the contrary, the EMC Defendants suffered financial damages of their own and were forced to

foreclose upon the subject matter real estate in the mortgage foreclosure action docketed at Phila. CCP. September Term 2008; No. 840.

97.     The allegations set forth in Paragraph 97 of Plaintiff's Second Amended Complaint are conclusions of law to which no response is required.  To the extent a response is necessary, same is specifically denied and strict proof thereof demanded.

## COUNT II

### Credit Services Act ("CSA")
*Plaintiff v. FSS, Wright, Green*

95.-96. [*sic*] The allegations contained in Count II of Plaintiff's Second Amended Complaint are directed to Defendants other than the EMC Defendants and as such, no response is required on behalf of the EMC Defendants.

## COUNT III
### Unfair Trade Practices and Consumer Protection Law ("UTPCPL")

97. - 105.  The allegations set forth in Paragraph 97 through Paragraph 105 of Plaintiff's Second Amended Complaint have been dismissed as against the EMC Defendants pursuant to Document No. 58 Order of Court dated November 30, 2010 in the above-captioned proceeding, as in relation to the identical facts alleged in Plaintiff's First Amended Complaint, as well as to a certain Stipulation between Plaintiff and the EMC Defendants that Count III of the Second Amended Complaint is dismissed against the EMC Defendants, and as such no response is required on behalf of the EMC Defendants.

## COUNT IV
### Credit Repair Organizations Act ("CROA")
*Plaintiff v. FSS, Wright, Green*

80. - 82(a-b).[*sic*]  The allegations contained in Count IV of Plaintiff's Second Amended Complaint are directed to Defendants other than the EMC Defendants and as such, no response is required on behalf of the EMC Defendants.

**WHEREFORE**, Defendants Bear Stearns Residential Mortgage Corporation, U.S. Bank N.A., as Trustee (improperly sued herein as U.S. Bank, N.A.)  and EMC Mortgage Corporation respectfully request that this Court enter judgment in its favor and dismiss with prejudice all Counts of Plaintiff's Second Amended Complaint, together with costs and expenses.

## FEDERAL RULE OF CIVIL PROCEDURE 12(b) DEFENSES

83.     The EMC Defendants hereby incorporate by reference all prior paragraphs of its Answer as if fully set forth herein.

84.     The EMC Defendants did not have any direct or indirect contact with the Plaintiff with respect to any loan or mortgage loan at any time whatsoever.

85.     The EMC Defendants did not have a contractual relationship with the Plaintiff, nor did the EMC Defendants extend any consumer credit to the Plaintiff at any time whatsoever.

86.     The EMC Defendants at no time extended, arranged for the extension of consumer credit or offered to extend or arrange for the extension of such credit to Plaintiff, Yasmin Mack, at any time and was not a lender to Plaintiff.

87.     The EMC Defendants did not owe a duty to the Plaintiff, contractual or otherwise, at any time whatsoever.

88.     The EMC Defendants do not owe the alleged duties or obligations to the Plaintiff as alleged in the Complaint for any reason whatsoever.

89.     Plaintiff fails to state a cause of action against the EMC Defendants upon any count, including but not limited to a claim for "Equitable Relief/Unjust Enrichment."

90.     To the extent the Plaintiff sustained any damages in this matter whatsoever, said damages were not caused by the conduct of any entities or persons over whom the EMC Defendants had control or authority to control.

91.     While the EMC Defendants deny any liability whatsoever, in the event the claims in the Second Amended Complaint are established by competent evidence at trial or by the Court, the EMC Defendants aver that other entities or persons are solely liable to Plaintiff, or are

liable over to the EMC Defendants for any sums adjudged against the EMC Defendants and/or are liable to the EMC Defendants for contribution and/or indemnity.

92.     Plaintiff lacks privity with the EMC Defendants and therefore all claims must be dismissed.

93.     Plaintiff lacks standing to bring any suit or claim against the EMC Defendants.

94.     The EMC Defendants owe no legal obligation(s) to the Plaintiff.

95.     The Plaintiff was not a party to a mortgage contract with the EMC Defendants at any time whatsoever.

96.     The Plaintiff has failed to attach any writings or documents to support her claims.

97.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

98.     Plaintiff has failed to mitigate her damages, if any.

99.     Plaintiff's claim for rescission is barred in that Plaintiff failed to exercise her right of rescission (if any) in a timely manner.

100.     Plaintiff's claims are barred by contributory and/or comparative negligence.

101.     Plaintiff's claims are barred by assumption of the risk.

102.     Plaintiff's claims are barred by the doctrine of laches.

103.     Plaintiff's claims are barred by the doctrine of unclean hands.

104.     The EMC Defendants have acted in good faith at all times and never possessed actual or constructive notice of any alleged fraudulent events by entities or persons directed against the Plaintiff.

105.     Plaintiff has failed to allege fraudulent acts, conduct or omissions by the EMC Defendants.

106.    Plaintiff has failed to allege any reliance by the Plaintiff on alleged misrepresentations of the EMC Defendants.

107.    The alleged harm suffered by Plaintiff, if any, are the result of her own actions, inactions, decisions and/or negligence.

108.    Plaintiff's claims are barred by the Truth in Lending Act ("TILA") and the Home Ownership and Equity Protection Act ("HOEPA") in that the EMC Defendants extended no credit to the Plaintiff at any relevant time and the Plaintiff and the EMC Defendants were not parties to a mortgage contract at any relevant time or any other consumer transaction.

109.    Plaintiff's claims are barred by 12 U.S.C. §62602 et seq. RESPA, in that the EMC Defendants were not parties to any federal or related consumer mortgage loan involving the Plaintiff or any other consumer transaction.

110.    Plaintiff's claims are barred by UTPCPL, 73 P.S. §§201-1 et seq, in that the EMC Defendants were not parties to any federal or related consumer mortgage loan involving the Plaintiff or any other consumer credit transaction.

111.    Plaintiff claims are barred as the Plaintiff lacks standing to assert any claims against the EMC Defendants for any reason whatsoever.

112.    Plaintiff's claims are barred by the doctrine of accord and satisfaction.

113.    Plaintiff's claims are barred by the doctrine of justification.

114.    Plaintiff's claims are barred by the doctrine of estoppel.

115.    Plaintiff's claims are barred by the doctrine of waiver.

116.    Plaintiff's claims are barred by the doctrine of res judicata.

117.    Plaintiff's claims are barred by the doctrine of collateral estoppel.

118.    Plaintiff's claims are barred by the doctrine of compromise and settlement.

119.    Plaintiff's claims are barred by the doctrine of avoidable consequences.

120.    Plaintiff should not be permitted to rescind the loan, if at all, until she Second repays to the mortgagee all loan proceeds.

121.    Plaintiff's claims are barred by the doctrine of acquiescence.

122.    Plaintiff's claims are barred by the doctrine of release.

123.    Plaintiff's claims are barred by the mootness doctrine.  The subject mortgaged property has already been foreclosed upon in the case docketed at Phila.CCP September Term 2008; No. 840, and sold at a Sheriff sale at Writ No. 257-321.

124.    The Second Amended Complaint fails to state a claim against the EMC Defendants upon which relief can be granted.

125.    The EMC Defendants are protected as bona fide mortgagees due to their lack of actual or constructive knowledge of any alleged "foreclosure rescue scam" perpetrated upon the Plaintiff; as well as their lack of actual or constructive knowledge that Plaintiff was entering into a sale-leaseback with David Marks or other third party entities.

126.    The EMC Defendants were never placed on actual or constructive notice that anyone other than David Marks would be residing at the subject matter residence.

127.    The EMC Defendants were never placed on actual or constructive notice that any alleged fraudulent activity was being performed by the Co-Defendants known as Foreclosure Solutions Specialist, Inc., and LCMack, LLC, and Lisa Wright, and Rebecca Green, and Samuel Price, and David Marks, and 1st Continental Mortgage, and Regina Brown and Netco Inc. and John Does 1-10.

128.    The EMC Defendants are protected as bona fide mortgagees from any claims by the Plaintiff or third parties.

129.    The EMC Defendants obtained a mortgage upon the subject matter residence that is purged of the alleged fraud due to their protected status as a bona fide mortgagee; their lack of any actual or constructive notice of alleged fraudulent activity; and their good faith belief that the transaction between Plaintiff and David Marks was an ordinary arms-length sales transaction.

130.    The EMC Defendants reserve the right to supplement, amend or modify their Fed.R.C.P. 12(b) defenses upon later discoverable evidence.

**WHEREFORE**, Defendants Bear Stearns Residential Mortgage Corporation, U.S. Bank N.A., as Trsutee (improperly sued herein as U.S. Bank, N.A.) and EMC Mortgage Corporation respectfully request that this Court enter judgment in its favor and dismiss with prejudice all Counts of Plaintiff's Second Amended Complaint, together with costs and expenses.

### FEDERAL RULE OF CIVIL PROCEDURE 13(g) CROSSCLAIM AGAINST ALL CO-DEFENDANTS

### COUNT I – FRAUD
*The EMC Defendants v. Foreclosure Solutions Specialist, Inc., and LCMack, LLC, and Lisa Wright, and Rebecca Green, and Samuel Price, and David Marks, and 1st Continental Mortgage, and Regina Brown and NetCo Inc. and John Does 1-10.*

131.    The EMC Defendants hereby incorporate by reference all prior paragraphs of its Answer Presenting Defenses Under Federal Rule of Civil Procedure 12(b) as if fully set forth herein.

132.    While the EMC Defendants deny any liability whatsoever, in the event the claims in the Second Amended Complaint are established by competent evidence at trial or by the Court, the following cross-claim is asserted against the Co-Defendants known as Foreclosure Solutions Specialist, Inc., and LCMack, LLC, and Lisa Wright, and Rebecca Green, and Samuel Price, and David Marks, and 1st Continental Mortgage, and Netco Inc., and Regina Brown and

NetCo Inc. and John Does 1-10 (hereinafter collectively "Co-Defendants," unless separately denoted otherwise).

133.    While the EMC Defendants deny any liability whatsoever, in the event the claims in the Second Amended Complaint are established by competent evidence at trial or by the Court, The Co-Defendants made a material misrepresentation to the EMC Defendants concerning the factual allegations, intent and purpose within, but not limited to, the following documents:

      a)    The Warranty Deed executed August 23, 2007 between Plaintiff, (as described on the face of the Warranty Deed as seller) and David Marks, (as described on the face of the Warranty Deed as buyer) for real property located at 1306 Cambridge Street, Philadelphia, Pennsylvania 19123 ("Property");

      b)    HUD-1 Settlement Statement dated August 23, 2007;

      c)    Sales Agreement executed by the Plaintiff and David Marks on June 4, 2007;

      d)    Mortgage dated August 23, 2007 upon the Property;

      e)    Adjustable Rate Noted dated August 23, 2007; and

      f)    All other loan and closing documentation, and related financing, regarding the transfer of title to the Property from the Plaintiff to David Marks.

134.    The Co-Defendants intentionally misrepresented that David Marks was the buyer of the Property, and intentionally misrepresented that the Plaintiff was the seller of the Property.

135.    The Co-Defendants intentionally failed to disclose to the EMC Defendants that the sale of the Property was not an arms-length Property purchase agreement.

18

136.   The Co-Defendants intentionally failed to disclose to the EMC Defendants that the Plaintiff would remain in possession of the Property following the sale of the Property to David Marks.

137.   The Co-Defendants intentionally failed to disclose to the EMC Defendants that Plaintiff did not subjectively intend to transfer title to the Property to David Marks, or to any other third party.

138.   The Co-Defendants applied for and executed false and misleading loan documentation to the EMC Defendants in effort to effectuate the alleged "foreclosure rescue scam" set forth in the Plaintiff's Second Amended Complaint.

139.   The EMC Defendants were induced to finance the purchase of the Property by David Marks, only as a result of the fraudulent activity, if any, by the Co-Defendants.

140.   The EMC Defendants lacked any actual or constructive notice of any alleged fraudulent activity by the Co-Defendants; and the EMC Defendants held the good faith belief that the transaction between Plaintiff and David Marks was an ordinary arms-length sales transaction.

141.   While the EMC Defendants deny any liability whatsoever, in the event the claims in the Second Amended Complaint are established by competent evidence at trial or by the Court, the EMC Defendants have suffered monetary damages and other loss as a result of the fraudulent conduct perpetrated by the Co-Defendants.

## COUNT II – UNJUST ENRICHMENT

*The EMC Defendants v. Foreclosure Solutions Specialist, Inc., and LCMack, LLC, and Lisa Wright, and Rebecca Green, and Samuel Price, and David Marks, and 1st Continental Mortgage, and Regina Brown and NetCo Inc. and John Does 1-10*

142.    The above allegations are incorporated herein by reference as though fully set forth at length.

143.    While the EMC Defendants deny any liability whatsoever, in the event the claims in the Second Amended Complaint are established by competent evidence at trial or by the Court, the EMC Defendants have conferred a monetary benefit upon the Co-Defendants as a result of lending necessary financing to allow David Marks to acquire title to the Property, and otherwise lending monies to satisfy all related costs, taxes and expenses from the purchase of the Property.

144.    Any and all monetary benefits, or enrichment otherwise, conferred upon the Co-Defendants by the EMC Defendants was appreciated by the Co-Defendants and improperly benefitted them.

145.    The EMC Defendants benefitted and enriched the Property by satisfying pre-existing liens or mortgages upon the Property.

146.    The EMC Defendants benefitted and enriched the Co-Defendants as a result of financing the purchase of the Property by David Marks.

147.    The EMC Defendants lacked any actual or constructive notice of any alleged fraudulent activity by the Co-Defendants; and the EMC Defendants held the good faith belief that the transaction between Plaintiff and David Marks was an ordinary arms-length sales transaction.

20

148.    As a matter of law, it would be inequitable and unjust for the Co-Defendants to retain the benefits, if any, conferred upon them by the EMC Defendants.

**WHEREFORE**, Defendants Bear Stearns Residential Mortgage Corporation, U.S. Bank N.A., as Trustee (improperly sued herein as U.S. Bank, N.A.) and EMC Mortgage Corporation respectfully request that this Court enter judgment in its favor and against Co-Defendants Foreclosure Solutions Specialist, Inc., and LCMack, LLC, and Lisa Wright, and Rebecca Green, and Samuel Price, and David Marks, and 1st Continental Mortgage, and Regina Brown and NetCo Inc. and John Does 1-10, in an amount in excess of seventy-five thousand dollars ($75,000.00), plus such other relief as this Honorable Court deems necessary and proper.

Respectfully submitted,


GRENEN & BIRSIC, P.C.


BY:    _____/s/ John B. Joyce_____
John B. Joyce, Esquire
Pa. I.D. #68242
Mary D. Grenen, Esquire
Pa. I.D. #52698
*Attorneys for Defendants, Bear*
*Stearns Residential Mortgage*
*Corporation, U.S. Bank N.A., as Trustee*
*and EMC Mortgage Corporation*
One Gateway Center, 9th Floor
Pittsburgh, PA 15222
(412) 281-7650

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the EMC Defendants' Answer Presenting Defenses Under Federal Rule of Civil Procedure 12(b) to the Second Amended Complaint and Cross-Claim against all Co-Defendants, was served upon the following this __23rd__ day of __February__, 2011 via First-Class, U.S. Mail, postage prepaid and/or electronic notice, if available:

Matthew B. Weisberg, Esquire
Weisberg Law, P.C.
7 S. Morton Ave.
Morton, PA 19070

Robert M. Dunn, Esquire
John E. Hilser, Esquire
Devlieger Hilser PC
1518 Walnut St Ste 1610
Philadelphia, PA 19102

Samuel Price
4500 North State Road
Bldg. I-203, Suite 9
Lauderdale Lakes, Fl 33319

David Marks:
1362 NW 104 Drive
Coral Springs, FL 33071

LCMack, LLC
4699 N. State Road 7
Suite A-1
Tamara, FL 33319
Regina J. Brown
491 Baltimore Pike, #301
Springfield, PA 19064

Robert P. Cocco, Esquire
Robert P. Cocco, P.C.
1500 Walnut Street, Suite 900
Philadelphia, PA 19102

Lisa Wright
2740 NW 79th Avenue.
Margate, FL 33063

Rebecca Green
1 Still Pond Drive
New Freedom, PA 17349

Foreclosure Solutions Specialist, Inc.
4699 N. State Road 7
Suite A-1
Tamara, FL 33319
First Continental Mortgage
2691 East Oakland Park Boulevard
Fort Lauderdale, FL 33071

NetCo Inc.
401 Fountain Lakes Boulevard
St. Charles, MO 63301

GRENEN & BIRSIC, P.C.

BY: ____/s/ John B. Joyce____
John B. Joyce, Esquire
Pa. I.D. #68242
Mary D. Grenen, Esquire
Pa. I.D. #52698
One Gateway Center, 9th Floor
Pittsburgh, PA 15222
(412) 281-7650